IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

COURTNEY LUSK, Individually and )
as Parent and Next Friend of AB, CH, )
and CoH, minor children, )
                                         Plaintiffs, )
)
-vs- )   Case No. CIV-24-223-F
)
JUNIPER RESIDENTIAL )
MANAGEMENT GROUP, LP d/b/a )
FIRST CHOICE MANAGEMENT )
GROUP; JUNIPER INVESTMENT )
GROUP GP, INC.; JUNIPER )
INVESTMENT GROUP, LTD.; and )
JUNIPER NORTH PENN, LLC, )
)
                                         Defendants. )

## **ORDER**

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The notice of removal, filed by defendants Juniper Residential Management Group, LP d/b/a First Choice Management Group ("First Choice"), Juniper Investment Group GP, Inc., Juniper Investment Group, Ltd. ("Juniper Ltd."), and Juniper North Penn, LLC ("JNP"), alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332(a) (diversity jurisdiction). Doc. no. 1, ¶ 4. Section 1332 provides that the court shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1) and (a)(2). Upon review of the

jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The notice of removal alleges that defendants First Choice and Juniper Ltd. are Texas limited partnerships.  Doc. no. 1, ¶ 6(a) and (c).  The citizenship of a limited partnership is determined by the citizenship of all its partners.  *See*, Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990).  The notice of removal alleges that "[n]o partner, general or limited, of [defendants First Choice and Juniper Ltd.] is a citizen of Oklahoma."  Doc. no. 1, ¶ 6(a) and (c).  However, alleging that no partner is a citizen of Oklahoma is not sufficient.  The notice of removal must specifically identify each defendant's partners and the state of citizenship of each of those partners.[1]  *See*, Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) ("The part[ies] seeking the exercise of jurisdiction in [their] favor must allege in [their] pleading the facts essential to show jurisdiction.") (quotation marks and citations omitted); Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than New York is clearly insufficient to establish diversity jurisdiction).

In addition, the notice of removal alleges that defendant JNP is a Texas limited liability company.  Doc. no. 1, ¶ 6(d).  "For diversity purposes, a limited liability company takes the citizenship of all its members."  Spring Creek Exploration & Production Company, LLC, 887 F.3d at 1014 (quotation marks and citation omitted).  Although the notice of removal alleges that no member of defendant JNP is a citizen

---

[1]If a defendant's partner is an individual, defendant must identify the individual's state of citizenship as opposed to the individual's state of residence.  If a defendant's partner is a business entity, then defendant must provide the appropriate jurisdictional information pertaining to that business entity.  *See generally*, 15A James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2023); Wright & Miller, 13F Federal Practice and Procedure, § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

of Oklahoma, *see*, doc. no. 1, ¶ 6(d), that is not sufficient. It must specifically identify each member of defendant and the state of citizenship of each of those members. *See*, Spring Creek Exploration & Production Company, LLC, 887 F.3d at 1014; Simmons, 572 F. Supp. at 825. Further, as with partnerships, "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." Gerson v. Logan River Academy, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021).

Accordingly, the court **DIRECTS** defendants, the parties invoking diversity jurisdiction as the basis for the court's subject-matter jurisdiction, to file an amended notice of removal which supplies the missing jurisdictional information.[2]

The amended notice of removal shall be filed no later than fourteen days from the date of this order.

Failure to comply with the court's directive may result in an order which is just, including the remand of this action to state court, without further notice to defendants.

DATED this 6th day of March, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0223p001.docx

---

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.